1  Stuart B. Wolfe (SBN 156471)
   sbwolfe@wolfewyman.com
2  Kelly Andrew Beall (SBN 162456)
   kabeall@wolfewuman.com
3  WOLFE & WYMAN LLP
   5 Park Plaza, Suite 1100
4  Irvine, California 92614-5979
   Telephone: (949) 475-9200
5  Facsimile: (949) 475-9203

6  Attorneys for Defendant
   **HOME LOAN SERVICES dba**
7  **FIRST FRANKLIN LOAN SERVICES**

8
                   UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11

|  | |
|---|---|
| MONTASER M. RASHID<br>Sramineus Homo, U S Vessel<br><br>              Plaintiff,<br><br>vs.<br><br>FIRST FRANKLIN LOAN<br>SERVICES,US Vessel DOES, ROES<br>and MOES 1-100 et al. US Vessel sand<br><br>              Defendant. | Case No. C 07-80234 CRB<br><br>**NOTICE OF MOTION AND MOTION OF HOME LOAN SERVICES dba FIRST FRANKLIN LOAN SERVICES TO DISMISS PLAINTIFF'S PETITION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Fed.R.Civ.P. 12(b)(6)] |
| MONTASER-MOSS; RASHID LIEN HOLDER OF THE VESSEL, The Real Party In Interest, Lawful Man<br><br>Injured Third Party Intervener/ Petitioner/Libelant,<br><br>vs.<br><br>FIRST FRANKLIN LOAN SERVICES, U.S. Vessel, DOES, ROIES, and MOES 1-100 et al., US VESSELS INDIVIDUALLY AND SEVERALLY<br><br>Third Party Defendants/Libellees | Date:       December 7, 2007<br>Time:       10: a.m.<br>Courtroom:  8<br><br>Honorable Charles R. Breyer<br><br>[PROPOSED ORDER LODGED AND SERVED CONCURRENTLY] |

**MOTION TO DISMISS – CASE NO: C 07-80234 CRB)**

**TO THE HONORABLE COURT, THE PLAINTIFF AND OTHER PARTIES IN INTEREST:**

    **PLEASE TAKE NOTICE** that on December 7, 2007 at 10:00 a.m., or soon thereafter as the matter may be heard in Courtroom 8 of the above-entitled Court, located at 450 Golden Gate Ave., San Francisco, California, Defendant HOME LOAN SERVICES dba FIRST FRANKLIN LOAN SERVICES ("HLS") will move the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Petition of Plaintiff MONTASER M. RASHID on the grounds that said Petition fails to state a claim upon which relief may be granted. Specifically, the Petition is part of an apparent debt elimination scheme and an improper attempt to eliminate Petitioner's loan.

    This Motion will be based on this Notice, the attached Memorandum of Points and Authorities filed and served concurrently, all pleadings and papers on file herein, the Request for Judicial Notice and upon such oral and documentary evidence as may be presented at the hearing on this Motion.

DATED: October 30, 2007    WOLFE & WYMAN LLP

v: _____
STUART B. WOLFE
KELLY ANDREW EALL
Attorneys for Defendant
**HOME LOAN SERVICES dba FIRST FRANKLIN LOAN SERVICES**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff filed the subject Petition as part of an apparent debt elimination scheme. Plaintiff's Petition contains a series of vague, ambiguous and unintelligible paragraphs reciting federal law and fictitious administrative procedures, claiming that Petitioner is now somehow entitled to a judgment that his loan has been eliminated, rather than allegations reflecting a legally recognizable claim. (Small v. Chao, 398 F.3d 894, 898 (7 Cir.2005))

Plaintiff's Petition should be dismissed because it fails to allege a claim as against HLS despite the unintelligible recitations. (F.R.Civ.P. 12(b)(6); Nixon v. Individual Head of St. Joseph Mortgage Company, 615 F.Supp. 898 (C.C. Ind. 1985)) The Court should also dismiss Plaintiff's Petition for failure to plead facts to reflect that this court has jurisdiction over the matter. (Rene v. Citibank NA, 32 F.Supp.2d 539 (E.D. N.Y. 1999))

## II. SUMMARY OF PETITION

Plaintiff labels his pleading as a "Petition for Libel of Review of an Administrative Judgment."

The Petition contains sections captioned Jurisdiction, Restrictions, Facts, Conclusion and Relief Sought. The Relief Sought section of the Petition demonstrates the clear intent of the Petition is to further an attempted debt elimination scheme being pursued by Plaintiff.

Despite the uncertain and nonsensical allegations, what is clear regarding the Petition is the failure to alleged facts to support a claim entitling Petitioner to relief.

## III. LEGAL STANDARD

Federal Rules of Civil Procedure, Rule 12(b) authorizes a motion to dismiss in response to a complaint. Rule 12(b) also supports the granting of a motion to dismiss when the basis of the objection appears on the face of the complaint. The grounds for objection to a complaint include the failure to state facts upon which a

claim for relief can be granted. (F.R.Civ.P. 12(b)(6))

A Rule 12(b) motion tests the legal sufficiency of the facts alleged in the complaint. If the Court decides the facts alleged therein, if true, would not entitle a plaintiff to a legal remedy, the motion may be granted. (DeLaCruz v. Tormey 582 F.2d 45, 48 (9th Cir. 1978)) A complaint must contain either factual or logical inferential allegations establishing all "material elements to sustain a recovery under some viable legal theory". (Scheid v. Fanny Farmer Candy Shops, Inc. 859 F.2d 434, 436 (6th Cir. 1988)) As set forth below, Plaintiff cannot state a claim against HLS.

## IV. PLAINTIFF FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED AGAINST HLS

### A. The Petition is unintelligible.

It is impossible to determine from the Petition how Plaintiff has been damaged and what wrongdoing is the basis for the Petition. Further, there are no factual allegations in the Petition which, under any legal theory, would entitle Plaintiff to the relief he seeks. (Small v. Chao, 398 F.3d 894, 898 (7 Cir.2005). Thus, even if Plaintiff could establish jurisdiction, his Petition should be dismissed because it is unintelligible and fails to inform HLS of its alleged wrongdoing. (Davis v. Ruby Foods, 269 F.3d 818, 820 (7 Cir.2001) (dismissing an unintelligible claim is not unexceptional). Leave to replead is often granted when a claim is dismissed under Rule 8(a) for being unintelligible. (Lindell v. McCallum, 352 F.3d 1107, 1110 (7 Cir.2003)) However, in this matter, Plaintiff's Petition is devoid of any allegations which reflect that he could amend to allege a cognizable claim. (Davis, 269 F.3d at 820-21.)

### B. Plaintiff fails to allege a claim against HLS.

Plaintiff alleges that his administrative award was pursuant to an "International Commercial Claim in Admiralty Administrative Remedy." In essence, Plaintiff believes that his mortgage debt has now been eliminated through

his fictitious administrative remedy; a variant of the various "vapor money" theories rejected in numerous other cases: <u>Nixon v. Individual Head of St. Joseph Mortgage Company</u>, 615 F.Supp. 898 (C.C. Ind. 1985); <u>Theil v. First Federal Savings & Loan Association of Marion</u>, 646 F.Supp. 592 (N.D. Ind. 1986); <u>In re: Stickland</u>, 179 B.R. 979 (Bankr. N.D. Ga 1995); <u>Rene v. Citibank NA</u>, 32 F.Supp.2d 539 (E.D. N.Y. 1999)  The Petition, in this matter, should be dismissed based on Plaintiff's failure to allege a claim as against HLS.

## V. PLAINTIFF FAILS TO ALLEGE FACTS TO SHOW JURISDICTION

FFFC moves to dismiss the Complaint pursuant to Rule 12(b)(1) on the ground that this Court lacks subject matter jurisdiction. (<u>Rene v. Citibank NA</u>, 32 F.Supp.2d 539 (E.D. N.Y. 1999))  Federal subject matter jurisdiction exists only when a "federal question" is presented under 28 U.S.C. § 1331, or, as provided in 28 U.S.C. § 1332, where the plaintiffs and all the defendants are of diverse citizenship and the amount in controversy exceeds $75,000.  Where jurisdiction is lacking, the district court must dismiss the Complaint without regard to the merits of the lawsuit. (<u>Nowak v. Ironworkers Local 6 Pension Fund</u>, 81 F.3d 1182, 1188 (2d Cir.1996))

Plaintiff appears to invoke jurisdiction under the admiralty law as he alleges that he filed the Petition "'within the admiralty' pursuant to Special Procedures in Admiralty # Rule E(8)" (cplt.¶ 2).  Plaintiff also alleges that his action is brought pursuant to 46 U.S. §§ 742-749 (cplt.¶ 13).  Those provisions are included in the United States Code (Chapter 20 of Title 46) and are entitled "Suits in Admiralty by or Against Vessels or Cargoes of United States."  Plaintiff further asserts that "all parties are U.S. VESSELS and fit the legal definition of a U.S. Vessel" (cplt.¶ 15) and "[t]he Court Officers/ Master/ Mariners are liable if they mislead/mis-deliver this action into the wrong Court and the law provides for criminal penalties for compliance failures" (cplt.¶ 16)

In this matter, the Petition does not contain any specific factual allegations

reflecting that this Court has jurisdiction over the matter because the allegations reflect that the parties are not marine vessels.

VI. **CONCLUSION**

For all the foregoing reasons, HLS requests that the Court grant its Motion to Dismiss Plaintiff's Petition for failure to state a claim upon which relief can be granted.

DATED: October 30, 2007          WOLFE & WYMAN LLP

By: _____
STUART B. WOLFE
KELLY ANDREW EALL
Attorneys for Defendant
**HOME LOAN SERVICES dba FIRST FRANKLIN LOANSERVICES**